**THORPE, Plaintiff, v. KOERNER, Defendant.**

Common Pleas Court, Hamilton County.

No. A-121321.   Decided December 18, 1950.

Thomas & Hirsch, Cincinnati, for plaintiff.

Benjamin S. Schwartz, Leonard Kirschner, Cincinnati, for defendant.

### MEMORANDUM OPINION

By HESS, J.:

This cause came on to heard on the demurrer of the defendant to the petition of the plaintiff and was submitted to the Court on the briefs of the parties.

The petition of the plaintiff is as follows:

"Now comes the plaintiff and for her cause of action says that on or about the 19th day of December, 1941, at a regular term of the Court of Common Pleas of Clermont County, State of Ohio, in an action therein numbered 20527 wherein the defendant herein was defendant and this plaintiff was the plaintiff, this plaintiff recovered a judgment against the said defendant for the care, comfort, maintenance and support of their two minor children in the sum of Sixty Dollars ($60.00) per month.

"Plaintiff says that said court, at the time of the rendition of the aforesaid judgment, had acquired jurisdiction over the person of the defendant by summons personally served on him; that said judgment is a valid and subsisting order against the defendant.

"Plaintiff further says that during the period from May

1, 1945 to June 15, 1947, a period of approximately twenty-five and one-half (25½) months, the defendant made no payment whatsoever.

"Plaintiff says therefore that there is due from this defendant the sum of One Thousand Five Hundred and Thirty Dollars ($1,530.00), and that she has made demands upon the defendant for the payment of the amount due but that he, the defendant, has failed, neglected and refused to pay the same.

"Wherefore, plaintiff prays judgment against this defendant in the sum of One Thousand Five Hundred and Thirty Dollars, ($1,530.00), with interest at Six per cent (6%) per annum from June 15, 1947, and for all other relief to which she is equitably entitled."

The defendant bases his demurrer upon two grounds, viz: one, that the Court of Common Pleas of Hamilton County, Ohio, does not have jurisdiction to hear the cause; and two, that plaintiff does not set forth a cause of action.

There is no copy of the decree of divorce attached to the petition, but the petition recites the "plaintiff recovered a judgment against the said defendant for the care, comfort, maintenance and support of their two minor children in the sum of Sixty Dollars ($60.00) per month." There is no indication in the petition herein that there was a motion to modify the decree within the term of its rendition.

It must be considered, insofar as the demurrer is concerned, there was a final order in the divorce matter which could be attacked after term only by petition.

The petition in the instant case was filed April 25, 1950, and claims judgment for One Thousand Five Hundred and Thirty Dollars ($1,530.00), being the sum claimed under judgment in the Clermont County Court for twenty-five and one-half (25½) months from May 1, 1945 to June 15, 1947. There is no allegation in the petition that the Clermont County, Ohio, court reserved continuing jurisdiction.

The defendant relies upon the cases of Meister v. Day, 20 Oh Ap, 225, and Collins v. Collins, 69 Oh Ap, 329. In each of those cases the original court reserved continuing jurisdiction. Actually, the Collins case was decided upon the question of notice of the pendency of the proceedings.

The defendant, in the instant case, is admittedly a resident of Hamilton County, the plaintiff now also being a resident of Hamilton County. In the event that the defendant's demurrer should be sustained there would be no method whereby the plaintiff might obtain redress, since it is now impossible to obtain service upon the defendant within the jurisdiction of the trial court.

In the Collins case, **Van Almsick v. Van Almsick, 69 Oh Ap 425, 24 O. O. 169,** is cited in support of the proposition that an order for support of minor children, payable in installments, is to be considered in the same category as an order for alimony payable in installments.

In the Van Almsick case the plaintiff had filed a motion, in the original divorce cause, and under the same number, for a judgment against the defendant for the amount of the arrearage under a previous order for alimony payments. (It should be noted that both the plaintiff and the defendant were residents of Franklin County, and still subject to the jurisdiction of the divorce court.)

The trial court rendered judgment in favor of the plaintiff, and an appeal was prosecuted, the defendant relying upon the case of Meister v. Day in support of his contention that the remedy of the plaintiff was to first seek a modification of the order for alimony by reducing it to an order for payment of a lump sum.

The judgment of the trial court was affirmed by the Court of Appeals, the court holding in part "the plaintiff, of course, did not desire modification. She merely wanted the court to fix the amount then due under the former orders of the court, as the sum which would be carried into a judgment. Nor did the defendant desire a modification of the former orders. In this situation we are constrained to hold that **it is too nice a discrimination to require that the alimony order first be changed in terms before the effect of the finding of the court can be carried into judgment.** The plaintiff should not be denied the benefit of the continuing order for the payment of the weekly installments of alimony or support money which should and will continue to accrue until there has been some order to the contrary."

The same court also discusses the federal rule, citing the case of Barber v. Barber, 62 U. S., 582; Lynde v. Lynde, 162 New York, 405; and Sistare v. Sistare, 218 U. S., 1, and, in my opinion, holds in favor of the proposition that the previous order of the court need not be first modified before a judgment for back payments of alimony or support can be obtained.

Justice White said in Sistare v. Sistare, supra, page 22, "the methods of enforcing payment of the future alimony awarded, provided by the statute, all contemplate the collection and paying over as a matter of right of the installments as they accrue as long as the judgment remains unmodified, or at least until application has been made or permission to make one in pursuance to the statute has been accorded."

Authority for the proposition that an award for alimony payable in installments constitutes a final judgment within the full faith and credit clause of the constitution, so far as installments already accrued are concerned, is found in **Armstrong v. Armstrong, 117 Oh St, 558.**

In that case the plaintiff had obtained a divorce and a sum payable in installments was awarded as alimony and for the support and maintenance of the children of the parties by a Kentucky court. The defendant subsequently became a resident of the state of Ohio, and the plaintiff brought suit in the Court of Common Pleas of Hamilton County for a judgment in the sum of $3,065.00, the amount of unpaid back installments.

The Court cites the federal rule laid down in the cases of Sistare v. Sistare, supra., Lynde v. Lynde, supra., and Barber v. Barber, supra. The Court held that "in the absence of modification the judgment is enforceable as awarded. Is the wife to be precluded from the enforcement of her judgment in another state, where the husband has become a resident, because perchance he would have been permitted to file an application for modification thereof had he felt disposed to submit himself to the jurisdiction of that Court?"

Further authority for the proposition that a judgment awarding alimony payable in installments is a full and final judgment under the full faith and credit clause of the Constitution is found in the case of **Kettenring v. Kettenring, 29 Oh Ap 63.**

In that case the plaintiff had obtained a divorce and an award for support of minor children and alimony. The award provided for a fixed sum of $2100.00 per year in monthly installments, and a definite arrangement for increase of this amount in the event the defendant's financial condition should warrant it. Plaintiff brought suit for back installments, and the defendant contended that the action should have been for a modification of the original decree.

The Court held that insofar as the payment of a fixed sum was provided in the original decree an action for judgment of unpaid installments would be sustained.

From the authorities above set forth the Court must come to the conclusion that the demurrer should be overruled.

An entry may be presented accordingly and giving the defendant fifteen days in which to plead.